UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DENZEL THOMAS  (#476529)

VERSUS                                                    CIVIL ACTION

JAMES M. LEBLANC, ET AL                      NUMBER 08-349-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _September 25_, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DENZEL THOMAS  (#476529)

VERSUS                                          CIVIL ACTION

JAMES M. LEBLANC, ET AL                          NUMBER 08-349-FJP-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss.  Record document number 15.  The motion is not opposed.

Pro se plaintiff, an inmate confined at Dixon Correctional Center, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Master Sgt. Larry Michaels, dental assistant Rhonda Prewitt, Sgt. Jerrie Snowden[1], Director of Nursing Leslie Schmidt, Lt. Col. Donald P. Payne, Col. Bruce Coston, mental health worker Alma Alexander and nurse Amy.  Plaintiff alleged that he was issued a false disciplinary report, was denied due process during a disciplinary board hearing, was verbally threatened and was denied adequate medical treatment in violation of his constitutional rights.

Defendants[2] moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and (6), Fed.R. Civ. P.

---

[1] Identified as Jessie Snowden in the complaint.

[2] Nurse Amy and Larry Michaels were not served with the summons and complaint and did not participate in the defendants' motion to dismiss.

## A.    Failure to State a Claim

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[3]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at

---

[3] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

### 1. Official Capacity

Plaintiff brought this action against the defendants in both their individual and official capacities. Defendants moved, on the basis of Eleventh Amendment immunity, to dismiss the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,*  502 U.S. 21, 112 S.Ct. 358 (1991).  A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).  Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law.  A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action.  *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989),

makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device."  An officer sued in his personal capacity comes to court as an individual.  However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state.  *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights.  However, the plaintiff did not seek prospective injunctive relief therefore his claims against defendants in their official capacities is not actionable under § 1983.

### 2. False Disciplinary Report

Plaintiff alleged that on September 21, 2007, Prewitt issued him a false disciplinary report for aggravated sex offense.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing.  *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). Plaintiff's claim regarding the issuance of a false disciplinary report asserts neither a sufficient liberty interest nor a significant due process concern.  *Collins v. King*, 743 F.2d 248 (5th Cir. 1984); *see also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

4

### 3. Denial of Due Process at Disciplinary Board Hearing

Plaintiff alleged that he was denied due process at the disciplinary board hearing. Specifically, the plaintiff alleged that Col. Coston failed to acknowledge that the plaintiff was handcuffed at the time he allegedly committed the disciplinary infraction. Plaintiff alleged that the disciplinary board determined that the accusing officer was more credible.

Plaintiff's allegations that the disciplinary board made credibility determinations which were not favorable to the plaintiff do not infringe upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

### 4. Criminal Charges

Plaintiff alleged that he was charged with obscenity as a result of the September 21 aggravated sex offense incident. Plaintiff alleged that District Attorney for the Parish of East Feliciana declined to proceed and the criminal charges were dismissed. Plaintiff alleged that Payne committed malfeasance.

Plaintiff's allegations that Payne committed malfeasance do not rise to the level of a constitutional violation.

### 5. Respondeat Superior

Plaintiff named Warden LeBlanc, Schmidt, Snowden and Alexander as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be

redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation that

Warden LeBlanc and Schmidt are responsible for the actions of their subordinates is

insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436

U.S. 658, 98 S.Ct. 2018 (1978).

### 6. Frivolous Claims

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion
> of a party dismiss any action brought with respect to prison conditions
> under section 1979 of the Revised Statutes of the United States (42
> U.S.C. § 1983), or any other Federal law, by a prisoner confined in
> any jail, prison, or other correctional facility if the court is satisfied that
> the action is frivolous, malicious, fails to state a claim upon which
> relief can be granted, or seeks monetary relief from a defendant who
> is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an

arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728,

1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v.

Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous

only if the facts are clearly baseless, a category encompassing allegations that are fanciful,

fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts

which are merely improbable or strange, however, are not frivolous for section 1915(d)

purposes.  *Id.*; *Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal

under 28 U.S.C. §1915(d) may be made at any time before or after service of process and

before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that Master Sgt. Larry Michaels verbally abused him in violation of

his constitutional rights.  Specifically, the plaintiff alleged that on September 26, 2007,

Master Sgt. Michaels was instructed to release the plaintiff's handcuffs while he underwent medical treatment at the prison infirmary.   Plaintiff alleged that Master Sgt. Michaels threatened to beat the plaintiff if he exposed his penis to medical personnel.   Plaintiff alleged that on September 27, 2007, Master Sgt. Michaels threatened to issue the plaintiff a disciplinary report if he engaged in inappropriate conduct.

Allegations of verbal abuse alone do not present claims under section 1983.  "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."  *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973).  The allegations against Master Sgt. Michaels regarding verbal abuse is therefore insufficient to raise a constitutional violation.

Plaintiff alleged that nurse Amy told a correctional officer that the plaintiff's handcuffs did not need to be removed while he soaked his foot to treat an ingrown toenail.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment he felt he should have is not the issue.  *Estelle v. Gamble, supra; Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981).  Unsuccessful medical treatment does not give rise to a Section 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*.  Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation.  *Varnado, supra.*

7

Plaintiff's allegation that his restraints were not removed while he received medical treatment does not rise to the level of a constitutional violation.

Because it is clear that the plaintiff's verbal abuse and medical indifference claims have no arguable basis in fact or in law the claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

### 7. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court.  District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted.  It is further recommended that the plaintiff's verbal abuse and medical indifference claims against nurse Amy and Larry Michaels be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(I) and this action be dismissed without prejudice to any state law claim.

Baton Rouge, Louisiana, _September 25_, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE